**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN SHERIS, on behalf of himself and all others similarly situated, | : : : : | **PRELIMINARY APPROVAL ORDER** |
| Plaintiff, | : : | |
| v. | : | |
| NISSAN NORTH AMERICA, INC., | : : | Civ. No. 07-2516 (WHW) |
| Defendant. | : : : : : | |

**Walls, Senior District Judge**

WHEREAS Plaintiff, individually and on behalf of a class, and Defendant have entered into an agreement to settle this action on a class basis pursuant to Rule 23 of the Federal Rules of Civil Procedure; and the parties to the agreement having consented to this Order,

The Court finds as follows:

1.       All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Settling Parties and filed with this Court (the "Settlement Agreement").

2.       The Court preliminarily concludes that, for the purposes of approving this class for settlement purposes only, with no other effect on the Litigation, that the proposed Rule 23 Settlement Class, as defined in the Settlement Agreement, meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure.

3.       The Settlement Agreement presented by the parties to this Court is within the

**NOT FOR PUBLICATION**

range of reasonableness, was arrived at through arms' length negotiations, and meets the requirements for preliminary approval.

Good cause appearing therefor, on this 17th day of March 2010,

IT IS ORDERED that:

1.      The Settlement Class is preliminarily certified, for settlement purposes only, consisting of:  All persons (individuals, sole proprietorships, partnerships, companies, corporations and all other legal entities, excluding Nissan/Infiniti dealers) who purchased or leased a 2005 model year Infiniti G35X from a Nissan/Infiniti dealer located in the State of New Jersey.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved, subject to further consideration at a hearing to be held consistent with Rule 23(e) of the Federal Rules of Civil Procedure (the "Final Approval Hearing").

3.The following attorneys are approved as Class Counsel:  Gary S. Graifman of Kantrowitz, Goldhamer & Graifman, 210 Summit Avenue, Montvale, NJ 07645; Howard T. Longman of Stull, Stull & Brody, 6 East 45th St., Suite 500, New York, NY 10017; and Gary Mason of The Mason Law Firm, 1225 19th St., N.W., Suite 600, Washington, D.C. 20036.

4.      Notice of the proposed settlement and the rights of Class Members to opt out of the Class, object to the proposed settlement, and/or to make a claim shall be given by issuance of mailed notice.  The Court approves the proposed Notice and Claim Form.  Notice should be given consistent with the provisions of the Settlement Agreement and the following terms:

**NOT FOR PUBLICATION**

(a)    Counsel for Plaintiff Steven Shersis have agreed to designated Rust

Consulting, Inc. to serve as the independent third-party Settlement

Administrator to assist in the Notice and Settlement claims administration

process.

(b)    No later than 15 days from the date of this Order, the Settlement

Administrator shall mail, by first-class mail with postage prepaid, at the

expense of Defendant, the Notice and Claims Form, substantially in the

form attached to the Settlement Agreement as Exhibits A and B, to all

members of the Settlement Class.  Any mail returned with a forwarding

address shall be promptly re-mailed to such address.

(c)    The Court finds that the procedures established for mailing and

distributing the Notice and Claims Form as set forth in this Order satisfy

the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The

Court finds that these procedures are the best notice practicable under the

circumstances and constitute due and sufficient notice to all persons

entitled thereto.

(d)    The Settlement Administrator will file with the Court and serve upon

Class Counsel and Nissan's Counsel, no later than 21 days before the date

of the Final Approval Hearing, an affidavit or declaration stating that

notice has been completed in accordance with the terms of this Order.

**NOT FOR PUBLICATION**

(e)     The Settlement Administrator shall be responsible for receipt and preservation of all written communications from the Settlement Class, and all communications from any other person in response to the Notices.

5.     To request exclusion from the Settlement Class, a Class Member must mail to the Settlement Administrator a written request for exclusion, which must be received by the Settlement Administrator no later than 21 days before the Final Approval Hearing Date (the "Opt-Out Date"). The request for exclusion should include the name, address, telephone number, and e-mail address of the person requesting exclusion; the case name and case number captioning this Litigation; and a statement requesting exclusion from the Settlement Class. The request must be personally signed by, or on behalf of, the person requesting exclusion. No Class Member, or any person acting on behalf of a Class Member, may request exclusion of another Class Member from the Settlement Class.

(a)     The Settlement Administrator must provide copies of requests for exclusion to counsel for both Plaintiff and Defendant no later than five days after the Opt-Out Date. The Settlement Administrator must file in this Court all original requests for exclusion no later than fourteen days before the Final Approval Hearing Date.

(b).    All members of the Settlement Class who have not submitted a timely and valid written request for exclusion from the Settlement Class will be bound by the release and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons

**NOT FOR PUBLICATION**

have initiated other litigation against Nissan, if such litigation relates to the claims released pursuant to or covered by the terms of the Settlement Agreement.

6.      The Final Approval Hearing shall be held before this Court on June 17, 2010, at 10:00 a.m., to consider whether the Settlement Agreement should be given final approval by the Court.

(a)     Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel and Defendant's Counsel within 21 days before the Final Approval Hearing Date.

(b)     Nissan's counsel and Class Counsel may, if they choose, file with the Court any papers in response to objections filed by Class Members.  Such papers must be filed within 14 days before the Final Approval Hearing Date.

(c)     At the Final Approval Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement.

(d)     Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

**NOT FOR PUBLICATION**

        (e)     Any Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or reasonableness of the proposed Settlement or the Order and Final Judgment to be entered approving the Settlement.

       7.     To receive benefits under the Agreement, a Class Member who has not requested exclusion from the Class must submit a valid Claim Form to the Settlement Administrator at the address provided in the Notice and Claim Form to obtain reimbursement for installation of rotors.  Claim forms must be received by the Settlement Administrator no later than July 1, 2010. Any Class Member who does not submit a Claim Form shall not be entitled to receive benefits under the Agreement, but will still be bound by the remaining provisions of the Settlement Agreement and shall be barred and enjoined from asserting any of the Released Claims.

       8.     In the event that the Settlement Agreement is granted final approval, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims.  If the Court declines to enter an Order granting Final Approval in accordance with all of the material terms of the Settlement Agreement, or the Order Granting Final Approval does not become final, the parties to this litigation will be returned to the same position as existed on May 1, 2009, and as if the Agreement had not been negotiated, made, or filed with the Court.  Should

**NOT FOR PUBLICATION**

this occur, neither the Settlement Agreement, nor any documents filed, submitted, or published

pursuant to it may be used in any litigation and nothing contained in such documents may impact

any legal proceedings.


**s/ William H. Walls**
United States Senior District Judge